UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER F. JANSON, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Case No. 4:14CV709NCC |
| KATHARYN B. DAVIS, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the court is the Motion to Dismiss filed by Katharyn B. Davis, LLC. (Doc. 10). The matter is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

## LEGAL STANDARD FOR A MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in

1

order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). The plaintiff must give the defendant fair notice of the nature of his claim and provide plausible factual allegations to support the claim on the face of the complaint. Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012). "[A] claim must be facially plausible, meaning that the 'factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). See also Erickson v. Pardus, 551 U.S. 89 (2007).

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's

2

obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. Thus, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Iqbal, 556 U.S. at 678. Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In addition, "documents attached to or incorporated within a complaint are considered part of the pleadings, and courts may look at such documents for all purposes, including to determine whether a plaintiff has stated a plausible claim[.]" Brown v. Medtronic, Inc., 628 F.3d 451, 459-60 (8th Cir. 2010).

## BACKGROUND

Plaintiff Christopher F. Janson (Janson) brings his cause of action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-2692p. Plaintiff alleges that § 1692e of the FDCPA prohibits false, deceptive, or misleading representations in connection with the collection of a debt, and § 1692f prohibits unfair or unconscionable means to collect or attempt to collect a debt; that Mo. Rev. Stat. § 535.020 requires that rent-and-possession lawsuits be verified by affidavit; that Defendant Katharyn B. Davis, LLC, (the Law Firm) filed a false affidavit when filing a rent-and-possession lawsuit in State court against Janson (the Lawsuit); and that, therefore, the Law Firm violated the FDCPA.

Specifically, Janson alleges that the Law Firm, which litigates exclusively for creditors, is a debt collector under § 1692a(6) of the FDCPA; the Law Firm, on behalf of its client, Morgan Linen, LLC, (Morgan Linen) filed the Lawsuit against Janson in State court, which lawsuit it titled "Affidavit and Petition in Rent and Possession"; Janson is a consumer within the meaning of § 1692a(3) of the FDCPA; the claim for unpaid rent in the Lawsuit is a debt under § 1692a(5) of the FDCPA, as it was for personal, family, or household purposes; Missouri imposes a verified-by-affidavit requirement for rent-and-possession lawsuits because in such lawsuits defendants lack many of the rights they enjoy in other civil litigation, in

that, among other things, defendants are not entitled to trial by jury, discovery is limited, and trials are expedited; Christopher W. Basler (Basler), a lawyer employed by the Law Firm, was acting as Morgan Linen's agent when he signed the affidavit in support of the Lawsuit; Basler swore before a notary that the allegations of the affidavit were true; in the affidavit, in support of the Lawsuit, Basler stated that Janson owed a sum of $4,400.00 for rent for the property known as 3124 Olive St., St. Louis, Apartment 9 (the Loft) and $685 for other charges, for a total of $5,085.00, and that Morgan Linen was requesting that sum, plus restitution/possession of the Loft. (Doc. 1 at 1-7).

Janson further alleges that, at the trial of the Lawsuit, he called Basler as a witness and examined him regarding his personal knowledge of the facts at issue, and that Basler testified, among other things, that he did not draft the lease for the Loft; that he was not involved in negotiating the lease; that he was not the custodian of the lease; that he was not responsible for collecting the rent and never talked with Janson about the lease or paying the rent; that he first conversed with the landlord's agent when he was hired; that he was not responsible for collecting rent on behalf of the landlord; that the only basis for his swearing to the truth of the averments in the affidavit was the information provided by the landlord's agent; and that the process used to "verify the affidavit" in the Lawsuit was the same process that the Law Firm used in "hundreds of lawsuits" in Missouri. Janson

5

additionally alleges in his Complaint that, in the Lawsuit, the State court entered judgment in favor of Morgan Linen and against Janson for $5,500 in rent and $1,500 in attorney's fees and court costs. (Doc. 1 at 7-10).

Janson claims that because, in the Lawsuit, the Law Firm "swore by affidavit" to facts which it did not know were true, the Law Firm made a false, deceptive or misleading representation in connection with the collection of a debt and that it used unfair or unconscionable means to collect or attempt to collect a debt, in violation of §§ 1692e and 1692f of the FDCPA. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees. Plaintiff brings Count 1 on behalf of himself and brings Count 2 pursuant to Fed. R. Civ. P. 23 and seeks to certify a class of others who are similarly situated.

## DISCUSSION

"The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002) (affirming summary judgment in favor of defendant where plaintiff attacked a collection letter as false, misleading or deceptive). As stated above, § 1692e of the FDCPA provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

6

> ….
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Section 1692f of the FDCPA, provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt." Thus, the pending Motion to Dismiss requires the court to consider whether Plaintiff has pled facts sufficient to support a claim that the Law Firm's actions taken in furtherance of the Lawsuit amount to a violation of the FDCPA, under §§ 1692e or 1692f.

When considering a potential FDCPA violation, the Eighth Circuit, in Peters, adopted the "unsophisticated consumer" test for evaluating whether a debt collection practice is false, misleading, or deceptive. Peters, 277 F.3d at 1055. While the test is "designed to protect consumers of below average sophistication or intelligence," it "also contain[s] an 'objective element of reasonableness,' Gammon [v. G.C. Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)] that 'prevents liability for bizarre or idiosyncratic interpretations of collection [practices],' Wilson [v. Quadramed Corp., 225 F.3d 350, 354–55 (3rd Cir. 2000)]." Id. In Peters, the Eighth Circuit held that, even if the collection letter at issue was deemed "literally false," when viewed through the eyes of the unsophisticated consumer, it did not mislead within the meaning of the FDCPA. Id. at 1055-56. This was so because the letter "effectively convey[ed] the consequences" of the

consumer's failure to voluntarily accept service in a debt collection matter. Id. Likewise, a determination of whether a practice is harassing, abusive, or unfair is viewed from the eyes of the unsophisticated consumer. Id. Moreover, the Eighth Circuit has adopted a "case-by-case" approach when "applying the statute's prohibitions to attorneys engaged in litigation." Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 819 (8th Cir. 2012). With these principles in mind, the court concludes, as set out below, that the allegedly false statements of which Janson complains do not fall within the ambit of the FDCPA and, therefore, the Complaint should be dismissed.

First, the court notes that Janson alleges in his Complaint that the claim against him for unpaid rent is, in fact, a debt subject to a rent-and-possession claim. Janson also alleges, "[w]henever Defendant files a rent-and-possession lawsuit verified by false affidavit, Defendant violates § § 1692e and 1692f of the FDCPA." Significantly, Janson does not claim that the unpaid rent allegation was false. See Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Instead, Janson's Complaint describes defects with the verification of the affidavit presented by Basler in State court, which he further alleges is how the Law Firm's actions were false, misleading or deceptive within the meaning of the FDCPA. In connection with this claim, Janson alleges that he called Basler as a witness in the Lawsuit and examined him regarding the allegations of the affidavit; and Janson avers that the State court entered judgment against him after hearing the evidence. Thus, unlike the risk faced by the unsophisticated consumer in Peters, the facts presented by the Law Firm in the Lawsuit were not "literally" false and withstood examination and judicial scrutiny in State court. Peters, 277 F.3d at 1055. See e.g., Gallagher v. Gurstel, Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 799-800 (D. Minn. 2009) (denying in part motion for summary judgment for defendant where demand for payment in affidavit was erroneous).

Second, the court considers the context of the alleged falsity—made during litigation, and its presentation to the consumer—by way of affidavit attached to a state-court petition to be key. Hemmingsen, 674 F.3d at 819. In Hemmingsen, the defendant filed a factually inaccurate client affidavit and memorandum in the state-court action. Id. Still, the Eighth Circuit had "no difficulty" in dismissing the plaintiff's argument that there should be a per se rule that "a debt collector's fact allegations are false and misleading for purposes of § 1692e" after they are rejected in a state-collection lawsuit. Id. Unlike the proceedings in Hemmingsen, here the

9

State court ruled in favor of Morgan Linen after Balser's affidavit was filed. Under such circumstances and consistent with the law of this Circuit, this court finds that Janson has not stated facts which plausibly support a claim that the Balser affidavit was false or misleading within the meaning of the FDCPA. See Whitney, 700 F.3d at 1128; Cole, 599 F.3d at 861.

The same reasoning established in Peters and Hemmingsen, supra, applies equally to Janson's § 1692f claim. The FDCPA has an "'apparent objective of preserving creditors' judicial remedies.'" Hemmingsen, 674 F.3d at 819 (quoting Heintz v. Jenkins, 514 U.S. 291, 296 (1995)). According to Plaintiff, judgment was entered against him after Balser was examined about the affidavit. Moreover, Mo. Rev. Stat. § 535.020 specifically provides that, in a rent-and-possession lawsuit, "the landlord or *agent* may file a statement, verified by affidavit" that rent was demanded by the landlord or his agent from the lessee, and payment has not been made. (emphasis added). In fact, the Missouri Supreme Court has held:

> The purpose of a verification is to secure good faith in the averments of a party. See Drury Displays v. Board of Adjustment, 760 S.W.2d 112, 114 (Mo. banc 1988). As a general rule the verification requirement is not so strict as to make an unverified petition "unsalvageable." Id. The reason for this must be that when a pleading otherwise states a cause of action to support a judgment, the verification does not constitute a part of the pleading itself but, rather, goes to the form of the pleading.

Federated Mortg. and Inv. Co. v. Jones, 798 S.W.2d 719, 721 (Mo. 1990) (en banc).

In Jones, 798 S.W.2d at 721, the Missouri Supreme Court held that the lower court erred in dismissing a garnishment proceedings based on the creditor's failure to comply with the verification requirement of Mo. Rev. Stat. § 535.020. The court's rationale was that the verification is "not part of the pleading"; the parties did not claim prejudice; in fact, there was no basis for a claim of prejudice; and the record reflected that "the plaintiff adduced evidence, sworn testimony, prior to the associate circuit judge's entry of judgment." Id. Likewise, in the matter under consideration, Janson admits that, prior to the entry of judgment against him, he adduced sworn testimony from Basler, who signed the § 535.020 affidavit; the trial judge was advised of the basis for Basler's knowledge of the facts stated in the affidavit; and Janson has not alleged facts to which, if true, would establish that he was prejudiced as a result of Basler's signing the affidavit. Most significantly, consistent with Mo. Rev. Stat. § 535.020, Janson admits that Basler was acting as Morgan Linen's agent when he signed the affidavit.

The court recognizes that there may be circumstances where a creditor's alleged statements made and actions taken in litigation do state a cause of action in violation of the FDCPA, but Plaintiff has not alleged such facts in the matter under consideration. Thus, applying an objective standard of reasonableness, based on the facts alleged in Plaintiff's Complaint, the court finds that imposing liability on the Law Firm pursuant to the FDCPA as alleged in Janson's Complaint would defy

common sense and would apply an idiosyncratic interpretation of that statute. See Peters, 277 F.3d at 1055. Further, as Jason does not allege that the affidavit was false in any way other than that Basler did not have first-hand knowledge of the facts to which he was attesting, it cannot be said that the substance of the affidavit was in any way false or that it mislead Janson as to the nature or the legal status of the debt. See id. At the same time, these facts would not have prevented the unsophisticated consumer from responding to or disputing the action, which Jason did do in the Lawsuit before a state court judge. Jansen's Complaint simply does not provide plausible factual allegations to support the claims which would allow the court to draw reasonable inferences that the defendant is liable for some wrongdoing. See Iqbal, 556 U.S. at 678.

Finally, even assuming Basler's attestation was literally false, given Plaintiff's allegations about what transpired during the State court proceedings and applying an objective standard of reasonableness, the court finds that Plaintiff has failed to allege facts which plausibly could establish that the affidavit was misleading within the purview of the FDCPA and that the affidavit effectively conveyed inaccurate facts. Id. At 1055-56. The court also finds that Plaintiff has failed to allege facts suggesting that Balser's affidavit in support of the Lawsuit was unfair or unconscionable under Section 1692f. As such, the court finds that Count 1 of Janson's Complaint fails to state a claim for relief pursuant to either §

1692e or § 1692f of the FDCPA, and that, therefore, Count 1 of the Complaint should be dismissed. See Twombly, 550 U.S. at 555.

Given that Plaintiff has failed to state a claim in Count 1, the court additionally finds that Count 2, seeking class certification, is moot and that, therefore, Count 2 should be dismissed. See Allen v. Likins, 517 F.2d 532 (8th Cir. 1975) (dismissing class action claim where named plaintiff's claim became moot before district court certified class). Cf. Jones v. Casey's Gen. Stores, Inc., 266 F.R.D. 222, 227-28 (S.D. Iowa 2009) (noting that among the requirements for certification of class actions is commonality, which means "it must be shown that the course of action giving rise to the cause of action affects all putative class members"; "With regard to the requirement that the claims of the class representative be typical of the claims or defenses of the class, this requirement is typically met where there are 'other members of the class who have the same or similar grievances as the plaintiff.'") (citing Fed. R. Civ. P. 23(a)(1) and (2)). As such, the court finds that Plaintiff's Complaint should be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Katharyn B. Davis, LLC, is **GRANTED**, in its entirety (Doc. 10).

**IT IS FURTHER ORDERED** that Count 1 of the Complaint filed by Christopher F. Janson is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6); and

**IT IS FINALLY ORDERED** that Count 2 of the Complaint filed by Christopher F. Janson is **DISMISSED**, as moot.

Dated this 11th day of December, 2014.

                                        /s/ Noelle C. Collins
                                        UNITED STATES MAGISTRATE JUDGE